**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSVALDO SANTOS-CRUZ, | : | Civil No. 1:26-CV-01601 |
| Petitioner, | : | |
| v. | : | |
| ANGELA HOOVER, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Osvaldo Santos-Cruz ("Santos-Cruz"). (Doc. 1.) Santos-Cruz argues that he is being wrongfully detained in violation of 8 U.S.C. §§ 1226(c) and 1231, as well as *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will deny Santos-Cruz's petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Santos-Cruz is a native and citizen of El Salvador. (Doc. 7-4, p. 3.)[1] On April 9, 2002, Santos-Cruz entered the United States near Nogales, Arizona. (*Id.*) The next day, he was issued a notice to appear charging him pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.* at 3–4.) On June 14, 2002, Santos-Cruz was ordered removed and waived his right to appeal. (*Id.* at 6.) On April 29, 2004, Santos Cruz was again ordered removed to El Salvador and

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

his applications for protection from removal were denied. (*Id.* at 5.) It appears that he was removed from the United States on September 14, 2005. (Doc. 7-4, p. 2.)

Santos-Cruz was found guilty in Indiana of battery, criminal recklessness, and battery by body waste and was sentenced to four years imprisonment with two years suspended on March 14, 2005. (Doc. 7-3, pp. 4–5.) On August 29, 2005, immigration officials issued a warrant of removal for Santos-Cruz. (Doc. 7-4, p. 8.) On September 30, 2006, Santos-Cruz was arrested in Indiana for unlawful possession of a firearm by serious violent felon, and following a guilty plea, Santos-Cruz was sentenced to ten years imprisonment with two years suspended on March 9, 2007. (Doc. 7-2, p. 7.) On December 6, 2007, Santos-Cruz pleaded guilty in the Southern District of Indiana to illegal reentry after deportation by an aggravated felon and was sentenced to 85 months imprisonment to be served consecutive to any previous state or federal sentence. (Doc. 7-3, p. 8.)

On July 16, 2024, Santos-Cruz was notified of the intention to instate his prior removal order. (Doc. 7-4.) On April 3, 2025, immigration officials issued a notice of referral to an immigration judge because Santos-Cruz requested a review of an asylum officer's conclusion that Santos-Cruz did not have a reasonable fear of persecution or torture. (Doc. 7-5.) Santos-Cruz's protection from removal applications were denied by an immigration judge on November 18, 2025. (Doc.

7-6.) Santos-Cruz appealed this decision to the Board of Immigration Appeals, which dismissed the appeal on September 24, 2026. (Doc. 10-1.)

On June 11, 2026, Santos-Cruz filed a petition for writ of habeas corpus requesting release from detention against multiple individuals, including Angela Hoover, Warden of Clinton County Correctional Facility ("Respondents"). (Doc. 1.) Respondents filed a response on July 1, 2026, and Santos-Cruz filed a traverse on July 17, 2026. (Docs. 7, 8.) In response to the court's order requesting a status update on Santos-Cruz's reasonable likelihood of removal, Respondents filed a status report on October 21, 2026. (Doc. 10.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Santos-Cruz is detained at Clinton County

Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Santos-Cruz initially argued that his detention violates 8 U.S.C. § 1226(c), the Fifth Amendment Due Process Clause, and the INA. (Doc. 1.) After reviewing Respondents' response, Santos-Cruz now asserts that his detention is unreasonably prolonged beyond the presumptively reasonable six-month period in violation of *Zadvydas*, 533 U.S. 678. (Doc. 8.) Santos-Cruz requests his immediate release from custody. (Doc. 8, p. 2.)

In opposition, Respondents argue that Santos-Cruz is lawfully detained under Section 1231(a)(5). (Doc. 7, pp. 10–15.) They assert that § 1231(a)(6) permits Respondents to detain Santos-Cruz pending his withholding only proceedings and that he is not entitled to a bond hearing. (*Id.*) Additionally, Respondents submit that Santos-Cruz cannot meet his burden to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.*)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-

day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is

presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, Santos-Cruz's removal order became final in 2004, but the presumptively reasonable six-month period did not begin until June 18, 2025. Thus, Santos-Cruz has been detained for approximately sixteen months. The court acknowledges that this passes the presumptively constitutional period but finds that Santos-Cruz fails to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Santos-Cruz has not identified any reason, other than removal has not yet occurred because he has continued to litigate his final order of removal, to believe he will not be removed in

the reasonably foreseeable future. Accordingly, the court will deny Santos-Cruz's petition.

## CONCLUSION

For these reasons, the court will deny Santos-Cruz's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 23, 2026